# ANNIE M. CRANE AND J. LEWIS EYER, Plffs.,

*v.*

# W. R. BENNETT ET AL., Dfts.

---

San Juan, Law, No. 470.

Persons dealing with promoters of a proposed corporation may, after the same is formed, and has, or has not, ratified the actions of the promoters, elect to pursue their remedy either against the corporation, as such, or against the promoters, as individuals, provided always that there was no prior agreement that they should look to the corporation only.

Opinion filed October 12, 1907.

---

Note.—*Corporations; promoters.*—As to duties and liabilities of promoters to the corporation and its members, see note to Yale Gas Stove Co. v. Wilcox, 25 L.R.A. 90.

As to liability of corporations on contracts of promoters, see note to Oakes v. Cattaraugus Water Co. 26 L.R.A. 544.

*Messrs. Sweet, Rossy & Campillo* and *Willis Sweet* for plaintiffs.

*Mr. Henry F. Hord* for defendants.

RODEY, Judge, delivered the following opinion:

This matter is before us at the present time on the issue raised by the demurrer of the defendants to the complaint.   For a cause of action, the plaintiffs allege that they are mother and son, and that in November, 1906, the defendants induced the son, who was then working in Porto Rico at a salary of $100 per month, to give up his position and join them in the purchase and working of a plantation, in which the said plaintiff was to invest $4,000 for a quarter interest, and in addition was to have a certain percentage of the profits as salary, and to be made joint manager thereof with one Agostini.   That the defendants further agreed that they would build a house on the plantation, to cost not less than $800, as a residence for plaintiff Eyer and his mother, who was to come from the States to live with him.   It is further alleged that Eyer, in compliance with this alleged agreement, brought his mother, the other plaintiff, from the States, and that they brought a considerable amount of furniture to the island with a view to establishing a residence on said plantation.   It is further alleged that, just about the time they were to enter into the final arrangement, the defendants proposed that, instead of a partnership or joint ownership of the land, there should be organized a corporation, to be known as the "Sabana Seca Plantation," to which the title to the property was to be conveyed, and that the plaintiffs should receive one fourth of the capital stock instead of an undivided

one fourth interest in the actual land for the $4,000, and the other considerations. That plaintiffs agreed to this, and that articles of incorporation were thereupon prepared and duly signed, but that, at the time of signing thereof, plaintiffs noticed that the son was not mentioned as joint manager with said Agostini, and called the attention of defendants to the omission, but were then assured by defendants that the articles of incorporation were a matter of form, and that later on the arrangement promised would be duly carried out. That thereupon plaintiffs paid to the defendants the said sum of $4,000 agreed upon, but have never received any stock or any other value therefor. That at no time thereafter, although often requested so to do, have the defendants or said corporation carried out the bargain as to erecting the house and permitting plaintiffs to reside therein, or as to permitting plaintiff Eyer to act as joint manager of the plantation, but, on the contrary, have refused so to do, and that said Agostini has ejected the said Eyer from said premises, and refuses to permit plaintiffs to enter or remain on the premises.

Plaintiffs further allege that thereupon they were forced to sell the furniture which they brought from the States to Porto Rico, at a great sacrifice, and that the plaintiff Eyer is now unable to get a position, and is, and has been, without occupation since giving up his position, as aforesaid, and that, by reason of the aforesaid acts and omissions of the defendants, plaintiffs are damaged in the sum of $7,000, and pray judgment for said sum and costs of suit.

Defendants demur on the ground, as they claim, that there is a misjoinder of parties, and that the corporation assumed all the liabilities of the defendants, who were the original promoters, and that therefore the corporation is the concern that is liable, and not the defendants. In the brief of counsel for de-

fendants considerable portions of the complaint are cited with
a view of showing that plaintiffs signed the articles of incor-
poration "with their eyes open," and have thereby waived any
cause of action they may have had against these defendants
individually.

We have examined the complaint carefully and we are con--
strained to hold that we do not think it is subject to demurrer.
If these defendants did in fact— which we are not now assert--
ing, as we do not know—induce this young man and his mother,
on the representations as alleged, to do the things which they
allege they did do, and thereby incurred loss to themselves, the
defendants are, in our opinion, certainly liable in law to them
therefor, and the cause ought not to be dismissed on a mere de--
murrer, but the defendants should be required to answer and state
whether or not the complaint is true in point of fact. Of course,
the demurrer admits the truth of all that is well pleaded in the
complaint, but it is well known that this is so only for the pur-
pose of raising the legal issue as to the law of the case.

We have examined the complaint carefully and we cannot
see that this young man or his mother has in fact accepted the
corporation as assuming any liability to them, nor can we see
that the corporation ever in fact ratified the acts of these de--
fendant promoters by any formal action of its own. The com-
plaint alleges that the defendants control the action of the cor-
poration, and therefore can do as they please with it. It is
fundamental in the law that where a person has a cause of ac--
tion which he can assert against the promoters of a corporation
or against the corporation itself, if the latter has in fact rati-
fied the acts of its promoting agents, such person may elect
which of the two he will hold liable to him. We think, there--
fore, that the complaint is not subject to demurrer.

Crane v. Bennett.

It is unnecessary to quote much law on this subject, but the general rule is well stated in § 159 of Beach on Private Corporations, as follows (the italics are ours) : "Persons engaged in organizing a company become personally liable upon transactions entered into by them on its behalf, unless their contracts be expressly conditioned upon the successful formation and incorporation of the company and its ratification of their acts. This liability rests upon the law of agency, their position being that of agents of an undisclosed principal. Accordingly, persons dealing with them may, upon the incorporation of the company and its *ratification of the contracts made in its behalf,* elect to have their remedy *either against the individuals* with whom the contract was made, *or against the company,* unless, of course, plaintiffs had agreed to look to the company alone, and the latter has assumed the liability. . . . In the absence of such an agreement, even a charter provision that the company alone shall be liable is insufficient to deprive the creditor of his remedy against the persons contracting the liability."

Any statement we have made in the foregoing is not to be construed as deciding anything upon the merits, or as to the truth of the allegations of the complaint, or as to the amount of damages plaintiffs ought to recover. We simply hold that, if the complaint is true, the defendants are, in our opinion, liable individually. We know not what the defendants may be able to set up in their answer. If it is true that defendants control the corporation, they can protect themselves, as they are in possession of the money which plaintiffs delivered to them. If the complaint is true, to hold otherwise than as here indicated would, in our opinion, permit defendants to take advantage of their own wrong, if wrong there is, and that a court can never permit.

We think, therefore, that the demurrer ought to be overruled and defendants required to answer, and it is so ordered.